UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONAH MOORE, # 208999,

    Plaintiff,

v.                                                             Case Number: 11-cv-10525
                                                           Honorable George Caram Steeh

PATRICIA CARUSO, et.al.,

    Defendant(s).
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I.  INTRODUCTION

    This is a prisoner's civil rights action filed under 42 U.S.C. § 1983.  Plaintiff Jonah Moore is a state prisoner currently incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan.  He names Patricia Caruso and Governor Rick Snyder as Defendants.  Plaintiff seeks leave to proceed without prepayment of the $350.00 filing fee for this action and has submitted a copy of his prison trust account statement.  See 28 U.S.C. § 1915(a)(1).  In his *pro se* complaint, he alleges that the guards at the Jackson prison put a video phone in his brain to torture and assault him; Plaintiff's complaint is in fact incoherent.  He is seeking, among other things, monetary damages.

    Having reviewed the matter, the Court concludes that Plaintiff is not eligible to proceed without prepayment of the filing fee for this action and dismisses the complaint under 28 U.S.C. § 1915(g).

### II.  DISCUSSION

    The Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*.  As the Sixth Circuit has stated, the PLRA was

"aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). In *Hampton*, the Sixth Circuit found the PLRA's fee requirements constitutional. *Id.* at 1288.

The PLRA further reinforces its "stop and think" incentives by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal; although the statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is ex post facto legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998).

In short, the "three strikes" provision requires the Court to dismiss a civil case where the prisoner seeks to proceed without prepayment of the filing fee if, on three or more previous

occasions, a federal court has dismissed the prisoner's action because it was frivolous or malicious or failed to state a claim upon which relief may be granted. *Id.*; *see also Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)").

Plaintiff is a prolific litigator in federal court. The Court's records reveal that he has filed at least three prior civil actions which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Moore v. MDOC*, No. 10-cv-213 (W.D. Mich. Oct. 12, 2010); *Moore v. MDOC*, No. 10-cv-810 (W.D. Mich. Sept. 7, 2010); *Moore v. MDOC*, No. 10-cv-10682 (E.D. Mich. Apr. 19, 2010); *Moore v. MDOC*, No. 10-cv-10680 (E.D. Mich. Mar. 2, 2010). In addition, Plaintiff previously has been denied leave to proceed without prepayment of the filing fee for having three strikes. *See Moore v. MDOC*, No. 10-cv-288 (W.D. Mich. Dec. 7, 2010). Plaintiff himself names six previous lawsuits in his complaint.

Consequently, Plaintiff is a "three striker" who cannot proceed without prepayment of the filing fee for this civil action unless he can demonstrate that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To fall within this statutory exception to the three-strikes rule, a prisoner must allege that the threat or prison condition is "real and proximate" and that the danger of serious physical injury exists at the time the complaint is filed. *See Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) ( en banc )).

The Court finds that the allegations stated in Plaintiff's complaint do not pose an imminent danger of serious physical injury. Plaintiff has thus failed to show that he falls within the exception

3

to the three-strikes rule.

## III.  CONCLUSION

For the reasons stated, the Court **DENIES** Plaintiff leave to proceed without prepayment of fees and **DISMISSES** his complaint.  The Court also concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).

**SO ORDERED**.

Dated:  February 24, 2011

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 24, 2011, by electronic and/or ordinary mail and also to Jonah Moore at Chippewa Correctional Facility, 4269 West M-80, Kincheloe, MI 49874.

S/Josephine Chaffee
Deputy Clerk